UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-12372-RGS

PAMELA WEDDLE

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA

ORDER ON REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE

May 25, 2018

STEARNS, D.J.

Whether the claim for intentional infliction of emotional distress is a common-law claim or one arising out of ERISA, the result is the same (I tend to think the latter, but I also agree with the former). Therefore the court agrees with the Magistrate Judge's well-reasoned Report and Recommendation, which it adopts.1 Count III is DISMISSED, and consequently, there is no cognizable jury claim.

---

1 I have reviewed the Objections filed to the Report and Recommendation filed on May 23, 2018. The accompanying memorandum, while well-constructed, offers no argument that was not laid out before the Magistrate Judge. On the issue of intentional infliction of emotional distress, the plaintiff's own recitation of the facts describes a regrettable exercise of bureaucratic ineptitude, but no evidence or allegation of the kind of deliberate torment inflicted in *Agis*, the seminal Massachusetts case on which plaintiff relies, or even that described in *Emerson*, which plaintiff

As previously ordered, the parties shall file an agreed upon record for judicial review by July 31, 2018. If the parties file only a partial record because of a disagreement over its contents, they must file a memorandum by August 14, 2018, concerning the additional material that they want included, with any request for an entitlement to discovery also filed by August 14, 2018. If no disagreements or requests are filed, motions for judgment on the record must be filed by August 31, 2018. If there is a disagreement, dispositive motions are due thirty days from the court's response to the August 14, 2018 filings - with opposition 28 days thereafter.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

concedes fell short of "appalling" or "profoundly shocking" standard set out in cases like *Foley v. Polaroid Corp.*, 400 Mass 82, 89 (1987) and *Conway v. Smerling*, 37 Mass. App. Ct. 1, 8 (1994).